# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

WILLIAM T. WILLIAMS, JR.

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 00-4280-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 28, 2000__ in __Broward__ county, in the __Southern__ District of __Florida__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally import into the United States, and did knowingly and intentionally possess with intent to distribute, a mixture and substance containing a detectable amount of cocaine

in violation of Title __21__ United States Code, Section(s) __952(a) and 841(a)(1)__

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
ED FLOOD
Special Agent, Customs

Sworn to before me, and subscribed in my presence,

November 30, 2000                              at Ft. Lauderdale, FL
Date                                           City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer             Signature of Judicial Officer

**AFFIDAVIT**

I, Edwin Flood, being duly sworn, do hereby depose and state the following:

1.  I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since November, 1986. From 1977 to 1986, I was employed as a Special Agent with The Bureau of Alcohol, Tobacco & Firearms. During 1976-77, I was employed as a Patrol Agent with the United States Border Patrol, United States Immigration and Naturalization Service. I am presently assigned to RAIC/FL, HIDTA (High Intensity Drug Trafficking Area), Group-III, which is continuously involved in the investigation of drug trafficking and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31, and various other federal statutes. The following information is based upon personal knowledge and information that has been provided to me by my fellow Special Agents, Customs Inspectors and/or other law enforcement officers.

2.  On November 28, 2000, *at approximately 6:45 PM EF* Customs Inspectors at Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport,

in the Southern District of Florida, from Kingston, Jamaica, on board Air Jamaica flight number 085. One of the passengers inspected was the defendant, William T. WILLIAMS Jr.

3. After being admitted into the United States by the Immigration and Naturalization Service, the defendant presented himself and his luggage to the U. S. Customs Service for inspection. During a secondary inspection, U.S. Customs Inspectors examined three (3) bottles of Rum contained within cardboard packaging, that were hand carried by William T. WILLIAMS Jr.

4. Continuing the examination, Customs Inspectors opened each of the Rum bottles individually and probed the liquid contents. The results of this field test proved positive for the presence of cocaine. Each Rum bottle contained approximately one (1) liter of liquid. The exact amount of cocaine contained within each individual Rum bottle will be determined by chemical examination at the Drug Enforcement Administration (DEA) laboratory in Miami.

5. After the field tests on the three bottles of rum proved positive for the presence of cocaine, WILLIAMS was asked by Customs Inspectors if he was carrying drugs internally. Initially, WILLIAMS denied being an internal drug carrier. Shortly thereafter, WILLIAMS complained of severe abdominal pain

and was taken to Broward General Hospital by paramedics and Customs Inspectors. By approximately 2:00 p.m. on 11/29/00, WILLIAMS had passed seventy-five (75) pellets that were field tested and proved positive for the presence of cocaine.

6. On November 29, 2000, your affiant advised William T. WILLIAMS Jr. of his Constitutional Rights under the Miranda Decision by reading from a Rights Statement. William T. WILLIAMS Jr. indicated he fully understood his rights by initialing each line and affixing his signature to the document.

7. Your affiant then took a written statement from William T. WILLIAMS Jr. that documented his activities of the past few days and within which William T. WILLIAMS Jr. admitted his involvement in the attempt to smuggle contraband narcotics (cocaine) into the United States for the agreed upon sum of $3,000.

7. Based upon the foregoing facts, your affiant believes probable cause exists to assert that the defendant, William T. WILLIAMS Jr., on November 28, 2000, did knowingly and intentionally import into the United States, from a place outside thereof, a schedule II controlled substance, to wit: Cocaine, in violation of Title 21, United States Code, Section 952 (a).

8. Further, on this same date, your affiant believes probable cause exists to assert that the defendant, William T. WILLIAMS Jr., did knowingly and intentionally possess with the intent to distribute a schedule II controlled substance, to wit: Cocaine, in violation of Title 21, United States Code, Section 841 (a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

_[signature]_ SSA/USCS
Edwin Flood, Senior Special Agent
United States Customs Service

Sworn to and subscribed before me this ___ day of November, 2000.

_[signature]_
BARRY S. SELTZER
United States Magistrate Judge