UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6339-CR-FERGUSON
Magistrate Judge SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM T. WILLIAMS,

    Defendant.

_____/

**DEFENDANT WILLIAM T. WILLIAMS'
OBJECTIONS TO THE PRE SENTENCE INVESTIGATION
REPORT**

The Defendant, through counsel, files his Objections to the Pre Sentence Investigation Report and states;

Objection No. 1, Page 7, Paragraph 18, Base Offense Computation.

The Defendant objects to being held accountable for the total gross weight of the cocaine and rum mixture contained in the rum bottles. According to the laboratory report prepared by the Drug Enforcement Administration the gross weight in Exhibit 1 was 4062 grams. Exhibit number 1 consisted of three bottles of rum which contained the cocaine mixture. The net weight of the cocaine was 2372 grams with 2217 milliliters of liquid. Under the active drug ingredient section of the laboratory report contained in paragraph 32, the total net weight is 743.1 grams.

Exhibit number two is the 75 pellets of cocaine. These are the pellets that Defendant Williams swallowed. The gross weight is 800.6 grams and the net weight is 520.5 grams.

Defendant Williams requests that the net amounts of the narcotics be added to arrive at the accurate net amount of narcotics. The total weight for Exhibit one is 743.1 grams. The total weight for Exhibit two carries a total of 520.5.

The combined total weight for both Exhibits is 1263.6. Therefore the base offense level calculation should commence at base offense level 26. The laboratory report is attached as Exhibit A.

## Memorandum of Law

In the case of *United States v. Bristol*, 964 F.2d 1088, 1090 (11th Cir.1992), the Court stated that "the packaging material that the Supreme Court determined should be excluded from the total weight of the mixture calculated for sentencing, we adopted a "market-oriented" approach and determined that the sentencing court should have excluded the commercially unusable portions of the mixture containing cocaine." "The inclusion of the weight of unusable mixtures in the determination of sentences under section 2D1.1 leads to widely divergent sentences for conduct of relatively equal severity." *United States v. Rolande-Gabriel*, 938 F2d 1231, 1235 (11th Cir. 1991).

Objection No. 2, Page 8, Paragraph 24, Adjusted Offense Level (subtotal).

The Adjusted Offense Level should be reduced to level 24. From level 24 the Defendant is entitled to further reductions pursuant to acceptance of responsibility.

Objection No 3, Page 8, Paragraph 25 & 26;

An additional three point reduction should lower the Defendants "Total Offense Level" to level 21. Offense level 21, category 1 is 37 to 46 months.

Objection No. 4, Offense Level Calculation, Page 7, Paragraph 18, *Apprendi v. New Jersey*,

The PSI states that Defendant Williams' statutory minimum term of imprisonment is five years and the maximum term is forty years. The Guideline range is 46 to 57 months. Defendant Williams contends that the statutory maximum for this offense as alleged in the indictment is 20 years, because no amount of cocaine was pled in the indictment, his base offense level should be twelve.

On January 31, 2001, the Defendant entered a guilty plea to an indictment that charged him with knowingly and intentionally importing into the United States from a place outside thereof, a Schedule II controlled substance, that is a mixture and substance containing a detectable amount of cocaine in violation of Title 21 United States Code, Section 952 (a). The second count of the indictment will be dismissed at the time of sentencing. Neither count set forth an amount of narcotic substance.

Title 21 United States Code 841 (a)(1) creates three separate offenses for cocaine distribution, under three subparagraphs. Subparagraph (b)(1)(A) makes it illegal to distribute in excess of 50 grams of cocaine base. The statutory maximum for that offense is life. The mandatory minimum is ten years incarceration. Subparagraph (b)(1)(B) makes it illegal to distribute cocaine in excess of 5 grams of cocaine base in the form of crack. The statutory maximum for that offense is 40 years with a mandatory minimum of five years. Subparagraph (b)(1)(C) makes it illegal to distribute cocaine in amounts not covered by subparagraphs (A) and (B). The statutory maximum is 20 years with no mandatory minimum.

In the indictment, the government charged Defendant Williams with importation of a detectable amount of cocaine. The government failed to charge in the indictment the amount of the cocaine to be imported. The indictment thus charged Defendant Williams with the crime described in 21 United States Code Section 841 (b)(1)(C) and not with the crimes described in subparagraphs

(A) or (B). Mr. Williams entered a guilty plea to an offense with a statutory maximum sentence of 20 years.

The Supreme Court recently ruled that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, ___ S. Ct. ___, No.99-478, 2000 WL 807189 at 13 (U.S. June 26, 2000). In a federal prosecution, this reasoning also requires that any such fact must be properly pled in the indictment. Id at 13 n.15, 18; See, also U.S. Const. amend. V.

> In his concurring opinion, Justice Thomas concluded that "far from being a sharp break with the past, *Apprendi* marks nothing more than a return to the status quo ante- the status quo that reflected the original meaning of the Fifth and Sixth Amendments." Id. at 28.

Specifically, he writes:

> In order for an accusation of a crime (whether by indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime... Thus, it is critical to know which facts are elements. A long line of essentially uniform [Supreme Court] authority... establishes that a "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and provides for increasing the punishment of that crime upon a finding of some aggravating fact - of whatever sort, including the fact of a

>prior conviction - the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravated crime. Similarly, if the legislature, rather than creating grades of crimes, has provided for setting the punishment of a crime based on some fact...that fact is also an element.

Id at 18-19.

The amount of contraband triggers an aggravated penalty and a commensurate increase in the sentencing guidelines base offense level which results in a higher penalty. This higher guideline sentence could extend beyond a statutory maximum. It is the amount that triggers this result. That amount is not charged in the indictment. This is the heart of the *Apprendi* ruling that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and prove beyond a reasonable doubt. *Apprendi*, 2000WL 807189 at 13.

In conclusion, because the indictment failed to charge a specific amount of cocaine, this Court cannot use the amount of cocaine to "increase the range of penalties to which [Defendant] is exposed." See *Apprendi*, 2000 WL 807189 at 13. This Court must, therefore, calculate Defendant William's sentence using a base offense level 12. The Federal Sentencing Guideline Range for base

offense level 12, category 1 is 10-16 months.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Robert N. Berube
Supervisory Assistant
Federal Public Defender
Florida Bar No. 304247
Attorney for Defendant
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 12 day of April, 2001, to Laurence Bardfeld, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301; and United States Probation Office, Fort, Lauderdale, Florida 33301.

_____
Robert N. Berube

-6-

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Purchase ☒ Seizure ☐ Free Sample ☐ Lab. Seizure ☐ Money Flashed ☐ Compliance Sample (Non-Criminal) ☐ Other (Specify)   GSG1-01-9285 | | | | FL13CE01FL0021 | | |
| 4a. WHERE OBTAINED (City, State/Country) Ft. Lauderdale, Fl | | 4b. DATE OBTAINED 11-28-00 | | 5. FILE TITLE U.S. Customs Title 21 WILLIAMS, William T. | | |
| 6a. REFERRING AGENCY (Name) U. S. Customs | | 6b. REFERRAL ☐ Case No. OR ☒ Seizure No. No 2001SA0001B2901 | | 7. DATE PREPARED 11-30-00 | 8. GROUP NO. HIDTA-3 RAIC/FL | |

| 9. Exhibit No. | 10. FDIN (9 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | 2001022553 | cocaine | 3 bottles of Rum | 4.5kg | | |
| 2 | 2001022553 | cocaine | 75 pellets in plastic evidence bag | 0.80kg | | |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?** ☒ NO (Included above) ☐ YES (If Yes, enter exhibit no. and describe original container fully)

**REMARKS:** On 11-28-00, William T. Williams entered the United States at Ft. Lauderorida, and was found in possession of 3 bottles of rum that tested positive for caine. Williams later passed 75 pellets that also tested positive for cocaine. idence was tot SSA Edwin Flood, HIDTA, Gp-3 for transfer to the DEA SERL for alysis.

| 17. SUBMITTED BY (Signature & Title) Edwin Flood, SSA, USCS    11-30-00 | 18. APPROVED BY (Signature & Title) James MacDonald, GS, HIDTA-3, RAIC/FL |
|---|---|

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. No. PACKAGES 2 Bags | 20. RECEIVED FROM (Signature & Date) Edwin Flood, SSA, USCS | 21. TITLE SSA, USCS |
|---|---|---|
| 22. SEAL ☐ Broken ☒ Unbroken | 23. RECEIVED BY (Signature & Date) 11/30/2000 | 24. TITLE Evid Tech |

**LABORATORY ANALYSIS/COMPARISON REPORT**

**25. ANALYSIS SUMMARY AND REMARKS**

Exhibit 1 contains cocaine hydrochloride.
 Gross Wt: 4062g    Net Wt: 2372g (2217ml)
Exhibit 2 contains cocaine hydrochloride.
 Gross Wt: 800.6g    Net Wt: 520.5g

117080
117081

smp 12/20/00

| Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | WEIGHT PER UNIT ANALYZED | | | 32. TOTAL NET | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 1 | 117080 | cocaine hydrochloride | 335.2 | mg | ml | 743.1g | 2366g / 2211ml |
| 2 | 117081 | cocaine hydrochloride | 74 | % | | 385.2g | 517.3g |

| ANALYST (Signature) Gary L. Alexander | 35. TITLE Forensic Chemist | 36. DATE COMPLETED 12/18/00 |
|---|---|---|
| APPROVED BY (signature) 12/20/2000 | 38. TITLE Laboratory Director | 39. LAB. LOCATION Miami, FL |

DEA Form – 7 (v. 1990)    *Previous edition dated 10/87 is OBSOLETE.*    1 - Prosecution

EXHIBIT A